# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00157-MR-DLH

| | |
|---|---|
| HOWARD MILTON MOORE, JR. and LENA MOORE, <br><br>  Plaintiffs, <br><br> vs. <br><br> ALCATEL-LUCENT USA, INC., et al., <br><br>  Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Alcatel-Lucent USA, Inc.'s Motion for Summary Judgment [Doc. 162].

## I.   PROCEDURAL BACKGROUND

The Plaintiffs Howard Milton Moore, Jr. and Lena Moore filed this action on June 9, 2016, alleging that Mr. Moore developed mesothelioma as a result of exposure to asbestos during his work from 1965 to 1995 while employed as a cable installer by Western Electric and its subsidiary Bell Labs (collectively, "Western Electric"). [Doc. 1]. The Defendant Alcatel-Lucent USA, Inc. ("Alcatel-Lucent" or simply "Defendant") appears in this case as successor to Western Electric. Alcatel-Lucent now moves for summary judgment, arguing that the North Carolina Workers' Compensation Act bars

all of the Plaintiffs' claims. [Doc. 163]. The Plaintiffs oppose Alcatel-Lucent's motion, arguing that they have presented a question of fact as to whether their claims are excepted from the exclusivity bar pursuant to Woodson v. Rowland, 329 N.C. 330, 344, 407 S.E.2d 222, 230 (1991). [Doc. 168].

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the case." News and Observer Pub. Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be genuinely disputed must support its assertion with citations to the record. Fed. R. Civ. P. 56(c)(1). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If

this showing is made, the burden then shifts to the non-moving party who must convince the court that a triable issue exists. Id. Finally, in considering a party's summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the non-moving party, and must draw all reasonable inferences in favor of the non-movant as well. Adams. v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

### III. DISCUSSION

Section 97-9 of the North Carolina Workers' Compensation Act (the "Act") provides that employers subject to the Act "shall only be liable to any employee for personal injury or death by accident to the extent and manner" specified in the Act. N.C. Gen. Stat. § 97-9. Section 97–10.1 provides that "the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death." N.C. Gen. Stat. § 97–10.1. These exclusivity provisions "preclude an employee from seeking potentially larger damages awards in civil actions." Southern ex rel. Estate of Southern v. Metromont Materials, LLC, 331 F. Supp. 2d 386, 393-94 (W.D.N.C. 2004). "This exclusion of alternative

remedies is balanced in the Act by other provisions which provide for an injured employee's certain and sure recovery without having to prove employer negligence or face affirmative defenses." Id. (citation and internal quotation marks omitted).

The North Carolina Supreme Court recognized an exception to the exclusivity provisions of the Act in Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222 (1991). In Woodson, an employee was working to dig a trench to lay sewer lines. 329 N.C. at 334, 407 S.E.2d at 225. The employer knew that the trench in which the employee was working was unstable and should have included a trench box for protection. Id. at 335, 407 S.E.2d at 225. Though a trench box was available on site, the employer made the conscious decision to direct its employees to dig the trench without using the trench box. Id. The trench collapsed, killing the employee. Id. at 336, 407 S.E.2d at 225-26. Following the employee's death, his wife filed a civil suit against, among others, her deceased spouse's employer. Id. at 336, 407 S.E.2d at 226.

Based on the fact that the employer intentionally and expressly directed the employee to proceed with the work despite direct knowledge that the decedent was working in an unstable trench without protection, the North Carolina Supreme Court held as follows:

> [W]hen an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the Act.

Id. at 340-41, 407 S.E.2d at 228.

As subsequently explained by the North Carolina Supreme Court, the so-called "Woodson exception" to the exclusivity provisions of the Act is extremely narrow:

> The Woodson exception represents a narrow holding in a fact-specific case, and its guidelines stand by themselves. This exception applies only in the most egregious cases of employer misconduct. Such circumstances exist where there is uncontroverted evidence of the employer's intentional misconduct and where such misconduct is substantially certain to lead to the employee's serious injury or death.

Whitaker v. Town of Scotland Neck, 357 N.C. 552, 557, 597 S.E.2d 665, 668 (2003). The Woodson exception is in fact so narrow that North Carolina courts routinely have refused to apply the exception since its inception well over thirty years ago. See, e.g., Shaw v. Goodyear Tire & Rubber Co., 225 N.C. App. 90, 102, 737 S.E.2d 168, 176 (2013) ("[T]his Court is unaware of a single litigant in any case which has been subject to appellate review who

5

has successfully pursued a Woodson claim since the exception to the exclusivity provisions was set out in 1991."). For example, the North Carolina Supreme Court refused to apply the Woodson exception in a case where an employer knowingly failed to provide adequate safety equipment to its employees, in violation of OSHA regulations. See Pendergrass v. Card Care, Inc., 333 N.C. 233, 239-40, 424 S.E.2d 391, 395 (1993). In so doing, the Court made clear that the Woodson exception requires a plaintiff to show more than willful, wanton, or reckless conduct. Pendergrass, 333 N.C. at 239-240, 424 S.E.2d at 395. In Whitaker v. Town of Scotland Neck, the North Carolina Supreme Court held that a showing that the employer knew that injury or death was possible or even probable was not sufficient to state a Woodson claim. 357 N.C. at 558, 597 S.E.2d at 669 ("simply having knowledge of some possibility, or even probability, of injury or death is not the same as knowledge of a substantial certainty of injury or death").

Here, the Plaintiffs have presented a forecast of evidence that Western Electric manufactured and/or supplied numerous asbestos-containing products that were used by Mr. Moore and other cable installers; that the installation process required installers to cut into asbestos-containing products, creating dust which the installers would then breathe; that Western Electric gave no warnings to its employees regarding the hazards of

breathing asbestos; that in light of its scope of operations in various jurisdictions, Western Electric would have been aware of applicable state and federal laws and regulations pertaining to asbestos; that given its membership in various professional and industrial organizations, Western Electric would have learned of the various scientific studies linking asbestos exposure and mesothelioma; that Western Electric's own investigation and testing revealed that installers were subjected to high levels of asbestos exposure, in excess of applicable OSHA standards; that Western Electric eventually discontinued the installation of asbestos cable hole covers but did not warn its employees of the risk involved in working on asbestos cable hole covers that were already installed; that Western Electric issued instructions that installers should wear goggles and respirators but did not take adequate steps to ensure that such safety equipment was actually used; and that after discontinuing the use of asbestos cable hole covers, Western Electric never conducted the additional monitoring required by OSHA to determine whether installers were still being exposed to high levels of asbestos. [See Doc. 168 at 1-22].

The Plaintiffs' forecast of evidence fails to support an application of the Woodson exception in this case. At best, the Plaintiffs have presented a forecast of evidence that Alcatel-Lucent was aware of the potential dangers

7

posed by asbestos exposure and yet failed to provide adequate warnings and safety equipment to Mr. Moore. While the Plaintiffs' forecast of evidence may suggest that Alcatel-Lucent knew that such exposure was possibly or even probably harmful, it is not sufficient to establish that Alcatel-Lucent *intentionally* engaged in misconduct knowing it was *substantially certain* to cause serious injury or death to Mr. Moore. See, e.g., Whitaker, 357 N.C. at 558, 597 S.E.2d at 669; Pendergrass, 333 N.C. at 239, 424 S.E.2d at 395.

## IV. CONCLUSION

In sum, the Plaintiffs have failed to produce a forecast of evidence that would support application of the Woodson exception to this case. Therefore, the exclusivity provisions of the North Carolina Workers' Compensation Act bar the Plaintiffs' claims. Accordingly, the Court will grant Alcatel-Lucent's motion for summary judgment.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Alcatel-Lucent USA, Inc.'s Motion for Summary Judgment [Doc. 162] is **GRANTED**, and the Plaintiffs' claims against this Defendant are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 29, 2017

Martin Reidinger
United States District Judge